23 C.C.P.A.(Patents)

# In re KELLER, HEUMANN & THOMPSON CO., Inc.*

Patent Appeal No. 3570.

Court of Customs and Patent Appeals.
Jan. 27, 1936.

Harold E. Stonebraker, of Rochester, N. Y., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents, affirming a decision of the Examiner, denying appellant's application for registration of the mark "Timely" as a trade-mark for men's suits, topcoats, and overcoats, made from cloth or woolen fabrics.

The basis of the rejection of appellant's application, by both of the Patent Office tribunals, is registration No. 291,742, issued February 23, 1932 to F. M. Hoyt Shoe Corporation, said registration being for the mark "Timely" as a trade-mark for "Boots and Shoes made wholly or in part of leather, fabrics, or combinations thereof." The word "Timely" in said registration is shown to be in capital letters, the horizontal line

*Certiorari denied 56 S. Ct. 676, 80 L. Ed. ——.

of the "T" being extended in something of a flourish over most of the balance of the word; similarly, the tail of the "Y" concluding the word is extended back and beneath the two preceding letters of the word. The mark, as shown in appellant's application, is formed of ordinary block letters.

Both tribunals of the Patent Office held that, the marks being identical, the sole issue was whether the goods to which the marks were applied were goods of the same descriptive properties, found that they were, and denied registration to appellant. Their decisions were in each instance based upon decisions of this court which were relied upon as warranting the view that the suits, topcoats, and overcoats to which appellant applies its mark are goods of the same descriptive properties as the shoes to which the prior registrant applies its mark.

▪ Since we are clear that the differences in the style of type shown in the marks covered by the instant application and the registration above cited are so slight as to warrant the holding of the tribunals below that the marks are identical, and no issue is raised upon this point, we agree with those tribunals that the sole issue in the case is whether or not the goods of the respective parties are of the same descriptive properties.

▪ We will first consider a contention made by appellant's counsel, viz., that while the consideration of the question of confusion of origin as to goods to which trademarks are applied is proper in opposition and cancellation proceedings, such confusion is not relevant in an ex parte application for registration of a trade-mark. This contention is stated in the brief of appellant as follows: "1. A trade-mark should not be denied publication in view of a prior registration unless the goods possess the same descriptive properties, and in construing the Act in an ex parte proceeding, only such confusion is to be considered as may grow out of the similar descriptive properties of the goods, damage or confusion as to origin of the goods which are pertinent in inter partes proceedings not being relevant in an ex parte application for registration."

We are not in agreement with this contention. It is elementary that the sole function of a trade-mark is to indicate the origin of the goods to which the mark is attached. Section 5 of the Trade-Mark Act of February 20, 1905, as amended (15 U.S. C.A. § 85) expressly prohibits the registra-

tion of a mark which is "identical with a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties." Manifestly, it was the duty of the Patent Office tribunals in the case at bar to determine whether the goods to which appellant applies its mark are of the same descriptive properties as the goods to which the previously registered mark is applied; or, in other words, whether, for the purposes of said Trade-Mark Act, the shoes here involved are of the same descriptive properties as men's suits, topcoats, and overcoats, made from cloth or woolen fabrics.

The meaning of the phrase "merchandise of the same descriptive properties," as used in said Trade-Mark Act, has been many times considered by this court, and while it is true, as stated by appellant's counsel, that such consideration has always occurred in inter partes proceedings, we cannot assent to the proposition that the construction of this language is dependent upon the nature of the proceeding brought in which it is considered.

Nothing in any of the cases decided by this court, or by any other court so far as we are able to discover, has indicated that the construction of said phrase "merchandise of the same descriptive properties" should be different in an ex parte proceeding than in an inter partes proceeding.

A most anomalous situation might result if appellant's suggestion were followed in the case at bar. Under that theory, in determining the question of whether the shoes here involved are of the same descriptive properties as men's suits, topcoats, and overcoats made from cloth or woolen fabrics, we could not in this case consider the question of confusion as to origin of the goods; with the issue thus restricted, we might hold that appellant's application should be passed for publication. Thereupon, if the prior registrant, F. M. Hoyt Shoe Corporation, should file a notice of opposition alleging that the shoes to which its mark is applied are of the same descriptive properties as the goods to which appellant applies its mark, appellant concedes that in such a proceeding the question of confusion as to the origin of the goods to which the marks are applied could properly be considered. Should such proceeding come before us for review, under appellant's theory we might properly hold that the goods are of the same descriptive properties because of likelihood of confu-

sion as to origin, when upon the same record, so far as this question is concerned, we had previously held in the case at bar that the goods are not of the same descriptive properties.

We hold that the construction of the phrase "merchandise of the same descriptive properties" should be the same in ex parte, opposition, interference, and cancellation proceedings, and that the question of confusion as to origin of the goods to which the marks are applied is proper to be considered as a factor in the determination of whether the goods here involved are of the same descriptive properties.

In the case of B. F. Goodrich Co. v. Hockmeyer et al., 40 F.(2d) 99, 103, 17 C.C. P.A. (Patents) 1068, speaking of the language of said section 5 here under consideration, we said: "It would seem to be evident then, that the language 'same descriptive properties' contained in the first proviso was intended by the Congress to relate to goods of the same general class; that such language was not intended to be more or less comprehensive than the term 'class' used in the first part of the section; that the language of the first proviso was intended to state the converse of the mandates of the first part of the section, namely, that a mark by which the goods of the owner of the mark may not be distinguished from other goods of the same class shall not be registered; and, that, keeping in mind the principles of equity as applied to the law of trade-marks, the words 'same class' and 'same descriptive properties' were intended to be given a limited or an extended meaning and application, according to whether or not the use of identical or similar trade-marks would be likely to cause confusion or mistake in the mind of the public or to deceive purchasers. And, of course, in this connection, the use, appearance, and structure of the articles, the similarity or the lack of similarity of the packages or containers in which, the place or places where, and the people to whom, they were sold should be considered."

■ We have reaffirmed the foregoing holding many times since said decision was rendered. In conformity with the rule above stated, we are in agreement with the tribunals of the Patent Office that men's shoes made wholly or in part of leather, fabrics, or combinations thereof, are of the same descriptive properties as men's suits, topcoats and overcoats made from cloth or woolen fabrics. Both are within the general class of wearing apparel. They are bought by the same class of people; it is a matter of common knowledge that both shoes and clothes are sold in country stores throughout the nation, and appellant's counsel admits that a similar sales policy exists to some extent in our cities, although he states, as no doubt the fact is, that in cities, generally speaking, clothing and shoes are sold in separate stores.

It seems clear to us that a purchaser of men's shoes bearing the trade-mark "Timely" would, upon seeing the same mark upon men's suits, topcoats, or overcoats, for sale in the same store, conclude that they had the same origin as the shoes bearing said mark.

We therefore hold that the goods of appellant to which said mark is applied are of the same descriptive properties as the shoes for which the identical mark had been previously registered. In our opinion this holding is clearly supported by the general rule above referred to, but also more specifically by the cases of I. E. Palmer Co. v. Nashua Manufacturing Co., 34 F.(2d) 1002, 17 C.C.P.A. (Patents) 583, and Decker & Cohn, Inc., v. S. Liebovitz Sons, Inc., 46 F.(2d) 179, 18 C.C.P.A. (Patents) 781.

With respect to the citation in appellant's brief of decisions of other courts with respect to the construction of the term "merchandise of the same descriptive properties" which would seem to be contrary to the construction which we have given to said language, we have to say only that said cases have heretofore been brought to our attention, and we have declined to follow them.

■ Appellant contends that shoe manufacturers generally confine their activities to particular types of shoes, men's, women's, and children's or infants' shoes, and that it does not appear from the registration of Hoyt Shoe Corporation what types of shoes are manufactured by it. It is sufficient to say that said registration was for shoes generally, and the presumption is that the mark is applied to all types of shoes. If the mark is not applied to men's shoes, the burden was upon appellant to show it, which would then have presented a question not necessary here to decide.

Appellant assigns error in a statement in the decision of the Examiner of trade-marks that all articles of wearing apparel are goods of the same descriptive properties. The Commissioner in his decision

made no reference to this holding of the Examiner, and it is not necessary to pass upon that question in this case. The question here presented is whether the shoes described in the Hoyt registration are goods of the same descriptive properties, within the meaning of said Trade-Mark Act, as men's suits, topcoats, and overcoats made from cloth or woolen fabrics; whether all articles of wearing apparel are goods of the same descriptive properties is a question not here involved. We think it proper to observe that this court has never indicated an opinion that all articles of wearing apparel are goods of the same descriptive properties.

■ Finally, appellant contends that the decision of the Commissioner in the case at bar is inconsistent with his decision in another case. It is sufficient to say, with respect to this contention, that the case before us must be decided upon its merits, and if the Commissioner has rendered another decision inconsistent with his decision in the case before us, as to which we express no opinion, that fact would afford no ground for reversing the decision of the Commissioner here appealed from.

For the reasons stated herein, the decision of the Commissioner of Patents is affirmed.

Affirmed.