39 C.C.P.A.(Patents)

MERRITT—TAYLOR, Inc. v. C. B. SHANE CORP.

Patent Appeal No. 5872.

United States Court of Customs and Patent Appeals.
March 27, 1952.

O'Connell, J., dissented.

Milton Friedman, New York City, for appellant.

Ephraim Banning, Chicago, Ill. (John Rex Allen, Chicago, Ill., of counsel), for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

JACKSON, Judge.

The appellant filed an application for the registration of its trade-mark "Season-Aire" on February 3, 1948, serial No. 548,664, as applied to "Ladies' Coats and Suits." First use of the trade-mark in commerce among the several states was stated in the application to be December 11, 1947. The application was examined and passed for publication pursuant to section 12(a) of the Trade-Mark Act of 1946, 15 U.S.C.A. § 1062(a), and the mark was duly published in the Official Gazette of October 26, 1948. On November 9, 1948, appellee filed its notice of opposition to the said registration.

In the notice, appellee set out that it is the owner of the trade-mark "Season Skipper" for "Overcoats and Topcoats for Men, Women, Boys, and Girls," which mark had been duly registered in the United States Patent Office on February 13, 1940, No. 375,283. It alleged that the trade-mark of appellant sought to be registered is substantially identical with that of appellee and that if appellant's mark were registered it would be a source of damage and injury to appellee and that the concurrent use of the respective marks would cause confusion or mistake or deceive purchasers as to the source of the products.

Appellant, in its answer, denied the material allegations set out in the notice and, as an affirmative defense, alleged that the goods of the parties are unlike, dissimilar and unrelated, and that the marks of the parties when used concurrently are not likely to cause confusion or mistake or to deceive the purchasers. As a second affirmative defense it is alleged by counsel for appellant that the word "Season," as a trade-mark or a part thereof, cannot become the exclusive property of appellee and

that that word as part of appellee's trade-mark and other combinations is in common use by persons and firms other than the appellant and that combinations containing the word "Season" have been permitted registration and are still registered in the Patent Office as valid and subsisting marks by others than appellee.

Shortly after the filing of appellant's answer, counsel for appellee filed a motion for summary judgment, basing it upon the decision of this court in the case of C. B. Shane Corp. v. Desmond's, 139 F.2d 502, 31 C.C.P.A., Patents, 779, wherein we held that the notation "Seasonaire" was confusingly similar to appellee's mark "Season Skipper."

The Examiner of Interferences denied the motion. He stated that the decision of the court relied upon by appellee might bind the examiner in the instant proceeding upon the available facts, but that appellant, who was not a party to that case, was not so bound and that it was entitled, as a matter of right, to an opportunity to introduce evidence which it might deem relevant and material to the issues herein, citing Avrick v. Rockmont Envelope Co., 10 Cir., 155 F.2d 568. The examiner stated that under the pleadings another issue was present, namely, that of priority of the use of the parties, and he held, for that reason, Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., was inapplicable, citing Gallo v. E. & J. Gallo Winery, 74 USPQ 136. The examiner pointed out that the record date of first use alleged in the notice of opposition was prior to the earliest date of use set out in the application for registration, but concluded that appellant might not, under the established practice, be restricted in its proof to the dates so asserted, since in its answer appellant denied appellee's claim of priority.

Counsel for appellant presented a motion to amend the application for registration so that it would substitute for "Ladies' Coats and Suits" the words "Ladies' Summer Wear Suits." For the reason that the proposed amendment involved, in the opinion of the examiner, a possible material change in the issues during the time allowed for taking testimony by appellee, the

amendment could not be entered without the consent of appellee, citing Eastman Kodak Co. v. Faraday Electric Corp., 78 USPQ 132.

The Examiner of Interferences, in his decision, observed that neither party had taken testimony nor was represented at the hearing although both had filed briefs. He described the mark of appellant as being associated with certain ancillary pictorial matter which in fact shows the mark to be composite in character, consisting of the words "Season" and "Aire" separated by a palm tree bending in a breeze. Because the allegation of appellee's priority was established by its registration which is long prior to appellant's first date of use, the only issue before the examiner was whether the marks of the parties are of such a character as to be reasonably likely to cause confusion in trade.

The examiner stated that since no evidence had been filed pursuant to his decision on the motion for summary judgment the pertinency of the C. B. Shane Corp. case, supra, had to be considered as a precedent and in that respect it was immaterial that the present case was brought under the act of 1946, whereas that case arose under the act of 1905. Ex parte Westgate Sea Products Co., 84 USPQ 368. The examiner stated that the facts in the instant case warranted no different conclusion with respect to likelihood of confusion than was reached by this court in the C. B. Shane Corp. case, supra. He therefore sustained the notice of opposition and adjudged that appellant is not entitled to the registration for which application was made.

Appeal was taken to the commissioner from the decision of the examiner and the Examiner-in-Chief, acting for the commissioner, affirmed the decision of the examiner for the reasons given by him. From that decision this appeal was taken.

In the C. B. Shane Corp. case, supra, the Examiner of Interferences held the involved marks therein to be reasonably likely to cause confusion to the public or deceive purchasers when used concurrently on the goods of the parties. The First Assistant Commissioner of Patents re-versed the decision of the examiner holding that the notice of opposition should have been dismissed because in his opinion the marks are dissimilar. 54 USPQ 29.

It may be observed here that the mark of appellant in that case was "Desmond's Seasonaire" and the Assistant Commissioner stated that for the purpose of that proceeding it must be presumed that the applicant would use the mark as registered, citing Lucien Lelong, Inc. v. Elgin American Manufacturing Co., 83 F.2d 690, 23 C.C.P.A., Patents, 1139. He stated that although the word "Desmond's" was disclaimed it was nevertheless a part of the mark and should be considered in determining the question of confusing similarity of the marks as a whole. In his opinion "Season Skipper" and "Desmond's Seasonaire" did not look alike, sound alike, nor have the same significance and for that reason came to the conclusion that there was no reasonable likelihood that the concurrent use on the goods of the parties would confuse the public or deceive purchasers.

On appeal to this court the decision of the Assistant Commissioner was reversed. C. B. Shane Corp. v. Desmond's, supra. In deciding that case we held that the dominant part of appellee's mark consisted of the word "Seasonaire" and that since the word "Desmond's" had been disclaimed in the mark, apart from it, the appellee could not rely upon its use standing alone. Then, for the reason that we held that the marks were confusingly similar, as applied to the goods of the same descriptive properties, the decision of the commissioner was reversed.

In all essential matters, the issue here, considering the marks alone, is the same as the issue in the C. B. Shane Corp. case, supra, namely, whether the marks of the parties are so closely related that their concurrent use would be likely to result in confusion of origin.

It is clear that in the absence of proof no specific differences in the goods of the parties can be considered.

We are in agreement with the tribunals in the Patent Office that the goods of the

parties pertain to the same class of merchandise, but upon a careful reconsideration of our decision in the C. B. Shane Corp. case, supra, we are of opinion that the court arrived at an erroneous conclusion there in holding the involved marks to be so similar that confusion was likely to occur.

We are now of opinion that the marks "Season Aire" and "Season Skipper" do not look alike, do not sound alike, nor have they the same significance nor would their concurrent use on the goods of the parties result in confusing the public or in deceiving purchasers.

Accordingly, the decision of the Examiner-in-Chief is reversed and insofar as the decision in C. B. Shane Corp. v. Desmond's case, supra, is inconsistent with this decision, it is hereby overruled.

Reversed.

O'CONNELL, J., dissents.