45 C.C.P.A.(Patents).

**GENERAL SHOE CORPORATION,**
Appellant,

v.

**LERNER BROS. MFG. CO., Inc.,**
Appellee.

Patent Appeal No. 6303.

United States Court of Customs
and Patent Appeals.
April 11, 1958.

Ernest P. Rogers, Atlanta, Ga. (Francis C. Browne, Russell L. Law, Washington, D. C., Smith, Kilpatrick, Cody Rogers & McClatchey, Atlanta, Ga., and Mead, Browne, Schuyler & Beveridge, Washington, D. C., of counsel), for appellant.

Charles W. Gerard, Kansas City, Mo., and J. Harold Kilcoyne, Washington, D. C., for appellee.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, RICH, and JACKSON (retired), Judges.

RICH, Judge.

This is an appeal from the decision of the Commissioner of Patents (108 U.S. P.Q. 341) in Trademark Opposition No. 31,914, reversing the decision of the Examiner of Interferences which sustained appellant's opposition to appellee's application, filed September 26, 1947, to register the word "Holiday" as a trademark for men's outer shirts, and lounging, beach and bath robes. Use since January 1, 1945, is asserted by applicant.

Appellant opposes registration alleging that on May 1, 1944, it commenced using

and has since continuously used the trademark "Holiday" on men's, women's and children's shoes, made of leather, fabric and combinations thereof, on which it obtained, on an application filed April 20, 1949, registration No. 529,488 of August 22, 1950, relied on here. Opposer also owns and relies on registration No. 91,874 dated June 3, 1913, of "Holiday" for "rubber boots and shoes, rubber overshoes, and rubber-soled canvas boots and shoes."

The marks as used by both parties are in script, the only difference between them being that opposer's is in a rather nondescript backhand while applicant's is in a more regular and forwardly slanting script. While there is this difference, so that the marks are not identical in fact, it seems to go undisputed that for the purposes of this case they may be considered identical in law and we shall so treat them.

Opposer's priority of use is not questioned and the sole issue is whether the use of "Holiday" on the goods named in applicant's application is likely "to cause confusion or mistake or to deceive purchasers" so as to render the mark unregistrable to applicant under Sec. 2(d) of the Trademark Act of 1946.

The parties have stipulated into the record a few pages from the record of an earlier opposition to which opposer was a party, being the testimony of opposer's vice-president in charge of its women's retail shoe stores. It would appear therefrom that, as of 1951, opposer owned and operated a chain of forty-four "Nisley Shoe Stores" which sell shoes, handbags, gloves and hosiery throughout the United States and, more important here, another chain of fourteen "Holiday" shoe stores in as many different cities. Photographs of fronts of some of the latter are annexed to the notice of opposition and show that the store fronts bear, by way of a name, a large electric sign, often as long as the store is wide, on which the fascimile of opposer's trademark "Holiday" appears as a double row of incandescent bulbs, the testimony being that they are made to flash on and off. In these "Holiday" stores, it would appear that shoes bearing the trademark in question are sold in boxes and wrappings also featuring the mark, which has been promoted locally and nationally by a half-million dollars worth of advertising in the period 1944–1951. The testimony was that the mark had been used on "all types of footwear," on hosiery, and that handbags had been "promoted * * * under the name." There is no specific mention in this testimony of the sale of any men's shoes or other men's wear, or of the sale of any goods bearing the "Holiday" mark anywhere except in the "Holiday" stores and the implication is clear that the latter were women's shoe stores also selling handbags and hosiery and presumably nothing else.

The foregoing testimony, introduced from another opposition against Joseph N. Eisendrath Company, obviously does not purport to develop the total commercial picture of opposer's business under the "Holiday" trademark. It would appear from reading the stipulated testimony and from other evidence put in by the applicant in the present case that the earlier opposition was directed against the registration of "Holiday" for women's fabric gloves and the obvious purpose of the testimony was to show that the sale of gloves in the Holiday stores would be a logical extension of the business done under the mark by opposer. We think that much of this testimony, brief though it is, being directed to a different objective, has had a somewhat misleading effect in the present case, for reasons we shall explain later.

Applicant took the testimony of three witnesses (no attorney appearing for opposer to cross examine), one being a Kansas City merchandise manager in a specialty store handling applicant's sport shirts, the other two being the president and secretary of the applicant, a manufacturer of men's sport shirts and apparently nothing else. They testified to the innocent adoption and continuing use of "Holiday" on sport shirts, from a date

later than opposer's adoption, and to a short but discontinued use on men's undershorts; to its use by them on no other goods; to a knowledge of some other uses and trademark registrations of "Holiday" and to lack of actual confusion with any of the other registrants or users or with opposer; to separate markets for shoes and sport shirts at the wholesale level; to channels of distribution for applicant's sport shirts through department, men's wear and men's specialty stores; and to advertising expenditures of $75,000 per year in support of a gross business of $2.5 million annually.

Since this record showed continuing use of the mark by applicant only on sport shirts, the case was treated as though no other product had been specified, except that the examiner was directed by the Assistant Commissioner, in her opinion, to withhold registration pending a showing of use on the other items named in the application.

On these facts, the Examiner of Interferences held there would be likelihood of confusion and sustained the opposition. The Assistant Commissioner reversed saying, "The *facts of this case* are such as to lead away from a conclusion that there is likelihood of confusion rather than toward it." (Emphasis ours.) What both lower tribunals were considering, and what we must consider, is, of course, likelihood of consumer confusion as to source, origin or sponsorship.

The statute which controls here is section 2(d) of the 1946 Act (15 U.S.C. § 1052, 15 U.S.C.A. § 1052). It provides that a trademark shall not be registered if it

"(d) consists of or comprises a mark which so resembles *a mark registered in the Patent Office* or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, *when applied to the goods of the applicant,* to cause confusion or mistake or to deceive purchasers * * *. (Emphasis ours.)

Familiar though this passage may be, we think its precise words should be kept in mind.

First of all, opposer has "a mark registered in the Patent Office." That mark is "Holiday." The mark applicant seeks to register "resembles" it to the point of being legally identical. This brings us to the clause "when applied to the goods of the applicant." The goods of the applicant are stated in the application to be "men's outer shirts" and shown by the evidence of applicant to be sport shirts, disregarding the robes. Now with what goods are these sport shirts to be compared? We think it is elementary that it must be the goods enumerated in the registration of the opposer's previously registered mark. In the earlier of opposer's registrations, No. 91,874 of 1913 the goods are "rubber boots and shoes, rubber overshoes, and rubber-soled canvas boots and shoes." Women's shoes are not mentioned. Opposer could have rested its case on this registration without taking any testimony. Instead, it chose to introduce some testimony from another opposition in order to get evidence of its Holiday store operation on the record, but in doing so we do not see why the case based on its earlier registration should be weakened. It is our view that opposer has a good case without the aid of its testimony, yet it is on the basis of the *testimony* that the decision in its favor was reversed because the goods compared with the applicant's men's sport shirts by the Commissioner were "opposer's *women's* shoes and handbags." (Emphasis ours.) The decision that confusion was not likely appears to have been predicated primarily on the sex of the ordinary purchasers of the goods, it being assumed (without any supporting proof) that men's sport shirts would normally be bought by men and women's shoes and handbags by women, in different stores or different departments of stores.

We are of the opinion that the use of the same trademark on the men's

boots and shoes, as described in opposer's 1913 registration, and on men's sport shirts would be more than likely to "cause confusion." The sale of men's shoes and shirts to the same customers in the same stores is a practice of which we can take judicial notice along with the common use of rubber boots and rubber-soled canvas shoes by men who would be wearing sport shirts. The case presents an almost exact parallel with the ultimate issue in In re Application of Keller, Heumann & Thompson Co., Inc., 81 F.2d 399, 401, 23 C.C.P.A., Patents, 837, wherein this court said in 1936:

> "It seems clear to us that a purchaser of men's shoes bearing the trade mark *'Timely'* would, upon seeing the same mark upon men's suits, topcoats, or overcoats, for sale in the same store, conclude that they had the same origin as the shoes bearing said mark."

Even though the net effect of the evidence of record may be to create the impression that opposer is now primarily concerned commercially with women's shoes under the "Holiday" mark, we do not feel that this can be controlling of the issue so long as the opposer's earlier registration of "Holiday" is not so limited. We have to decide on the basis of the registration and the statute. We feel that the Commissioner erred in predicating the decision on the conclusion used as a premise and stated as follows:

> "The record as a whole, however, leads to the conclusion that the mark is used only on women's shoes of various styles and women's handbags."

If, in an opposition, like the present, in which opposer puts in *some* testimony as to its business activities, it must at the same time prove up the current factual accuracy of every allegation of a registration relied on, on penalty of having that registration treated as not covering all of the goods enumerated in it, then there is little left to the provision of section 7(b) of the statute that a registration is *"prima facie* evidence of the validity of the registration" and of "registrant's exclusive right to use the mark in commerce in connection with *the goods* or services *specified in the certificate."* (Emphasis ours.) Furthermore, as Assistant Commissioner Leeds so properly held in North Star Woolen Mill Company v. Caljax Incorporated, 98 U.S.P.Q. 454, "The opposer * * * is regarded as the owner of its mark for all of the goods recited in its registrations," citing, decisions of this court, and it is not proper to consider a contention in an opposition that the opposer has not used the mark on certain goods "since it involves questions which can be resolved by the Patent Office Tribunals only in a cancellation proceeding." The present proceeding is an opposition, not a cancellation. We therefore feel that the issue should not have been considered on the basis of what the record as a whole tended to show about opposer's use of the mark "Holiday," however close to the truth this may have been, but rather on the basis of the goods enumerated in its registration and the legal rights flowing therefrom in accordance with the statute. On this basis it is our opinion that applicant's application could not be allowed and that the opposition must be sustained.

We have purposely left out of consideration registration No. 529,488 because its filing date, April 20, 1949, is later than applicant's filing date of September 26, 1947. This registration, therefore, would not, in itself, establish *prior* use of "Holiday" on the men's shoes specifically named in it.

The opposition should, for the reasons given above, be sustained and the decision of the Commissioner of Patents is reversed.

Reversed.

JACKSON, J., retired, recalled to participate was present at the hearing of this appeal but did not participate in the decision.