47 CCPA
**CARLISLE SHOE COMPANY, Appellant,**

v.

**SOCIETE ANONYME: ROGER FARE & CIE, Appellee.**

**Patent Appeal No. 6553.**

United States Court of Customs and Patent Appeals.

May 24, 1960.

520

William E. Schuyler, Jr., Andrew B. Beveridge, Washington, D. C. (Francis C. Browne, Washington, D. C., of counsel), for appellant.

Robert E. Burns, New York City, for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

WORLEY, Chief Judge.

This appeal is from the decision of the Assistant Commissioner of Patents, acting for the Commissioner, reversing the decision of the Examiner of Interferences, and dismissing appellant's opposition to appellee's application for registration of a composite mark comprising a plume and thistle background design together with the words "Le Gant Mademoiselle," as a trademark for gloves made of leather, fabric, and combinations thereof. The opposition is based on appellant's ownership of a long prior registration, No. 346,290, dated May 18, 1937, of "Mademoiselle" as a trademark for ladies' shoes made of leather, fabric, and combinations of those materials. The Commissioner found that in view of the differences between the marks and the goods of the parties "there is no likelihood of confusion or mistake or deception of purchasers within the purview of the statute."

However, it was the examiner's position that ladies' shoes and gloves are closely related, generally sold in the same stores, and frequently purchased and used together as accessories to complement a particular costume. We agree with the examiner that the goods are so related that their sale by different parties under substantially similar marks would likely lead purchasers to suppose that they emanated from the same source. See In re Keller, Heumann & Thompson Co., Inc., 81 F.2d 399, 23 CCPA 837, and General Shoe Corp. v.

1. United States Senior Judge for the Eastern District of Pennsylvaia, designated to participate *in place of Judge* *O'Connell,* pursuant to provisions of Section 294(d), Title 28 United States Code.

Lerner Bros. Mfg. Co., Inc., 254 F.2d 154, 45 CCPA 872.

Turning to the similarity of the marks, applicant's mark appropriates "Mademoiselle," the entire registered mark of appellant. While it adds the words "Le Gant," which mean "The Glove" in French, those words are merely descriptive of appellee's goods, even though, as noted by the Commissioner, their descriptive significance might not be recognized as such by the average purchaser. The words "Le Gant" are displayed less prominently than "Mademoiselle," with the latter enclosed by quotation marks which suggests that it is the name by which the product is to be identified.

Applicant's mark also includes a plume and thistle background design, but that appears to be no more than an ornamentation physically separated from the words so that it would not necessarily be regarded as a part of the trademark.

Viewing the competing words in their entireties, the word "Mademoiselle," the appellant's entire mark, is the dominant feature of applicant's mark and the one most likely to be remembered as indicating origin of the goods. It is, therefore, at least doubtful whether the marks of the parties could be used concurrently without a likelihood of confusion within the meaning of the Lanham Act, 15 U.S.C.A. § 1051 et seq., and that doubt should be resolved against the newcomer. L. Nachman & Son, Inc. v. E. Lasner, Inc., 263 F.2d 342, 46 CCPA 780.

The facts of the instant case are not unlike those in General Shoe Corporation v. Hollywood Maxwell Co., Cust. & Pat. App., 277 F.2d 169. There we held confusion would likely result from concurrent use of the mark "Ingenue" by different parties on women's shoes and brassieres respectively. While the marks here are not identical, as they were in that case, we are of the opinion the similarity between them, when applied to the instant goods, is such that the reasoning in that decision is applicable here.

Two motions have been filed by counsel for appellant, one seeking to strike an allegation by opposing counsel of misconduct below, and the other to strike certain third party registrations included in appellee's brief.

Both motions are granted to the extent that we find nothing in the record to support appellee's allegation of misconduct; and that the registrations objected to, which were not made a part of the record under the rules of the Patent Office, have not been considered here.

The decision is reversed.

Reversed.