48 CCPA

**UNITED STATES STEEL CORPORA-
TION, Appellant,**

v.

**BIJUR LUBRICATING CORPORATION,
Appellee.**

**Patent Appeal No. 6637.**

United States Court of Customs
and Patent Appeals.
Feb. 6, 1961.

Donald G. Dalton, Pittsburgh, Pa. (Matthew P. McDermitt, Pittsburgh, Pa., of counsel), for appellant.

Dean, Fairbank & Hirsch, New York City (Morris Hirsch and Harry Price, New York City, of counsel), for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Judges, and Judge WILLIAM H. KIRK-PATRICK.[1]

WORLEY, Chief Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of* *Judge O'Connell,* pursuant to provisions of Section 294(d), Title 28, United States Code.

of the United States Patent Office dismissing an opposition by registrant, appellant here, to an application of applicant, appellee here, for registration of the letter "B" in a diamond-shaped border design as a trademark for "tubing and couplings," subsequently restricted by amendment to "small diameter tubing and couplings to be incorporated in centralized lubricating equipment for machine tools, automotive vehicles and the like." Use since April 15, 1953, is alleged.

Registrant bases its opposition on its two registrations of a substantially similar "B" in a diamond-shaped border design, the first registered in 1910 for "metal pipes and tubes," and the other registered in 1953 for "metal pipes, tubes casing and couplings therefor." Use of the mark on pipes and tubing since 1870 is alleged.

A stipulation of facts was submitted by the parties. The facts on behalf of registrant show that from 1947 to 1957 registrant and its predecessors "sold a yearly average of over 1,243,000 tons of pipes, tubes, casing and couplings" bearing its trademark for "numerous piping uses in industry and construction" and that a substantial portion of its tubular products "are sold for use in petroleum drilling, producing and refining operations." An advertisement of registrant's predecessor, published in 1900, submitted with the stipulated facts shows tubing ranging in sizes from 1 to 30 inches in diameter. Other exhibits of more recent date show registrant's mark applied to sizes from 4½ to 20 inches in diameter.

In the stipulated facts on behalf of applicant, it is stated that the tubing sold under its mark is "flexible tubing less than ¼″ in diameter and is installed in centralized lubricating equipment for machine tools and other machinery to conduct lubricant in small quantities from a central pump to distributed bearings of the machinery."

There is no dispute as to the similarity of the marks or registrant's priority. The sole issue is whether concurrent use of the instant marks on the respective goods of the parties would likely result in confusion or mistake or to deceive purchasers within the meaning of Section 2(d) of the Lanham Act, 15 U.S. C.A. § 1052(d).

The board held that even though the products of both parties fall within the general category of tubing, there was no likelihood of purchaser confusion since they are used for different purposes, and sold through different channels of trade under different circumstances to different types of purchasers.

We are unable to agree that the record supports that conclusion. There is nothing in the application, including the intended use recited therein, to distinguish applicant's goods from the pipes, tubes, casing and couplings covered by registrant's registration. It is clear that registrant's tubing, as enumerated in its registrations, could have many sizes and uses, including those described by applicant for its goods. While there is some evidence indicating that registrant uses its mark primarily on pipes and tubing for oil well drilling and production, which apparently would not include flexible tubing less than ¼″ in diameter of the kind to which applicant applies its marks, it is the description of the goods enumerated in the registration that is controlling. Where, as here, an opposer, relying on its registration, introduces additional evidence relating to use of its mark, it is not necessarily limited to the uses shown by that evidence, but may rely on the presumption that the registered mark has been used on all the goods encompassed by the registration. General Shoe Corp. v. Lerner Bros. Mfg. Co., Inc., 254 F.2d 154, 45 CCPA 872. Accordingly, we are of the opinion the board erred in dismissing the opposition.

Reversed.