49 CCPA

**HARVEY ALUMINUM (INCORPORATED), Appellant,**

**v.**

**AMERICAN SCREEN PRODUCTS COMPANY, Appellee.**

**Patent Appeal No. 6823.**

United States Court of Customs and Patent Appeals.

July 25, 1962.

Parker & Walsh, Raymond A. Walsh, Washington, D. C., for appellant.

Emory L. Groff, Emory L. Groff, J., Washington, D. C., for appellee.

Before WORLEY, Chief Judge, RICH, and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.[*]

WORLEY, Chief Judge.

Application was made by appellee on August 30, 1956, to register "HAR○VEY" on the Principal Register as a trademark for "Sliding Door Hardware." The mark was alleged to have been first used in interstate commerce in June 1946.

Registration is opposed by appellant, registrant for a line of screw machine products, hardware, and plumbing supplies;[1] for titanium ingot;[2] for skids and pallets;[3] for automatic vending dispensers for beverages and insurance policies;[4] for aircraft parts and mobile home and trailer accessories;[5] and for aluminum forgings, extrusions, castings, sheet strip, rods, bars and drawn tube;[6] of the following mark.

**HARVEY Aluminum**

The record for opposer comprises the testimony of its executive vice president, who has been associated with opposer and its predecessors in business since about 1928, and of its director of public relations and advertising, along with accompanying documentary exhibits. Applicant submitted stipulated testimony of its president accompanied by documentary exhibits.

The record establishes that applicant has used the mark "HAR○VEY" in connection with the sale and advertising of sliding door hardware continuously since some indefinite date in 1946, with its sales increasing from approximately $15,000 in 1946 to more than $780,000 in 1959, and its advertising expenditures increasing from $5,200 in 1946 to $45,000 in 1959.

Opposer's executive vice president testified that its business began in 1913 as Harvey Machine Company. He further testified as to the nature of the business as follows:

"Q17. Can you tell us in a general way the nature of the business conducted by Harvey Aluminum (Incorporated)?

"A. It's a metal fabrication business working in different metals of aluminum, steel, brass, and other rare metals, and alloy materials, and manufacturing thousands of different products for various customers.

"Q18. Can you tell us what some of those products are?

"A. Some of those products have to do with the building products line and they comprise all sorts of building products that go into construction industry, residential, commercial, industrial, have to do with walls, interior and exterior, doors, openings of all kinds, door hardware, hinges of various kinds, and a host of variety of products of that general type and nature."

---

[*] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Judge O'CONNELL, pursuant to provisions of Section 294(d), Title 28, United States Code.

[1] Registration No. 646,328, issued June 4, 1957.

[2] Registration No. 629,302, issued June 19, 1956.

[3] Registration No. 646,608, issued June 4, 1957.

[4] Registration No. 646,431, issued June 4, 1957.

[5] Registration No. 646,400, issued June 4, 1957.

[6] Registration No. 646,346, issued June 4, 1957.

He also testified that opposer and its predecessors have used "HARVEY" as a trademark in connection with the sale and advertising of their goods and that total sales of products thereunder amounted to more than $279,000,000 for the years 1943 to 1958.

The same witness, during the taking of his deposition in 1959, identified an exhibit as listing customers to which opposer had supplied "sliding door hardware and parts * * * for the manufacture of doors and assembly of doors." That list sets out the longest customer tenure as ten years. Apparently on the basis of that evidence, the Trademark Trial and Appeal Board found that opposer and its immediate predecessor had used the mark "HARVEY" for sliding door hardware of various kinds since as early as 1949. The board stated (128 USPQ 451):

"While there can be no question on the record presented in this case but that opposer, as between the parties, was the first to use "HARVEY" as a trademark, this cannot in and of itself constitute a sufficient basis for sustaining the opposition. That is to say that it has been incumbent upon opposer not only to establish prior use of its mark but prior use thereof for goods related in some manner to those of applicant as to be likely to result in purchasers ascribing a common origin thereto. * * *

"The only evidence offered by opposer in this regard consists of the aforementioned testimony of its executive vice-president which is so vague, indefinite, and general in character that it cannot be ascertained therefrom just what specific products opposer was in fact using its mark on prior to applicant's use thereof for sliding door hardware, much less that any of the goods were so related to those of applicant as to be likely to cause confusion.

"It is concluded, therefore, that opposer has failed to sustain its burden of proof."

Opposer does not question the date of use credited to applicant by the board nor does it point out any evidence of its own use of "HARVEY" in connection with sliding door hardware prior to that date. Rather, it argues as follows:

"To limit the area of confusion to sliding door hardware only gives scant recognition to a mark deserving of credibility on many grounds: 1. substantial sales (Exhibit 2A); 2. long use (Q–12); 3. Upon a broad spectrum of goods (Q–17 and Exhibit 1)."

We find no merit in that argument. The fact that there have been substantial sales under a mark over a long period on a wide variety of products does not necessarily bar registration of a similar mark to a subsequent user on different goods.

Opposer makes specific reference to the aluminum extrusions which it sells to the sliding door trade but it fails to point out proof in the record that any extrusions were sold to that trade prior to any time in 1946, the year applicant first used its mark. It is stated by opposer that, under United States Steel Corporation v. Bijur Lubricating Corporation, 286 F.2d 617, 48 CCPA 820, it "may refer to its date of use of December 6, 1947, as earlier than the best possible date of appellee." Apparently that date is extracted from the allegation of the date of first use set out in its registration, No. 646,346, of its mark reproduced hereinabove for goods including aluminum extrusions. However, the cited decision is not authority for giving a registrant the benefit of a date of first use alleged in its application. Rather, a registration, in itself, establishes use only as of its filing date. C. B. Shane Corporation v. Desmond's, 139 F.2d 502, 31 CCPA 779; General Shoe Corp. v. Lerner Bros. Mfg. Co., Inc., 254 F.2d 154, 45 CCPA 872; Tropic-Aire, Inc. v. Approved Products, Inc., 275 F.2d 728, 47 CCPA 928.

In its brief, opposer also relies on its use of "HARVEY" on hinges, apparent-

ly claiming that use was prior to applicant's use of its mark. However, opposer does not point out any evidence proving such priority and our inspection of the record has revealed none. While opposer's registration, No. 646,-328, specifies hinges as an article of builder's hardware covered thereby, that registration in itself entitles opposer to no earlier date than its March 5, 1956, filing date.

Since we do not find the errors alleged by appellant, the board's decision is affirmed.

Affirmed.

MARTIN, Judge, did not sit or participate because of illness.