57 CCPA

**PLAYBOY OF MIAMI, INC., Appellant,**

v.

**JOHN B. STETSON CO., Appellee.**

**Patent Appeal No. 8240.**

United States Court of Customs and Patent Appeals.

May 28, 1970.

John Cyril Malloy, Miami, Fla., attorney of record, for appellant.

Samuels & Clark, Thomas W. Y. Clark, J. Wesley Everett, Baltimore, Md., Munson Lane, Washington, D. C., for appellee.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN and LANE, Judges, and RAO, Chief Judge, United States Customs Court, sitting by designation.

BALDWIN, Judge.

This appeal is from the decision[1] of the Trademark Trial and Appeal Board, sustaining an opposition by the appellee, John B. Stetson Company, and denying appellant's application[2] for registration of its mark on the Principal Register.

The appellant sought to register the mark "Playboy of Miami" for certain articles of men's and boys' clothing, such as suits, coats, trousers, slacks, shorts and shirts, alleging use since September 5, 1956, and disclaiming the words "of Miami" apart from its mark as shown below:

[A1741]

The Patent Office published the mark for opposition on March 10, 1964, and the John B. Stetson Company, of Philadelphia, Pennsylvania, filed this opposition to the registration of the mark. The opposition was based on Stetson's 1936 registration of "The Stetson Playboy" as illustrated below:

[A1742]

Both parties have taken testimony which establishes the following facts:

The principal business of the opposer, John B. Stetson Company, is the manufacture and sale of hats, both felt and straw, caps and cloth hats. It also operates a shoe company. The word "Playboy" has been used by opposer only in connection with hats, and then only in association with the word "Stetson", or some other trademark indicating "Stetson" hats. It has been used to designate or identify certain brands or style lines of opposer's hats.

Appellant, Playboy of Miami, Inc., commenced doing business under that style and trademark in 1956. Its annual sales grew from $350,000 the first year of operation to $1,100,000 in 1964 and 1965. It has advertised its products in nationwide magazines and sold to the same stores to which the opposer sold. There has been no report of any confusion by reason of the use of applicant's trademark. The John B. Stetson Company even sold the appellant's products in its own store. The products were purchased from Playboy of Miami, Inc. and delivered under the appellant's trademark "Playboy of Miami".

The issue is whether appellant's mark "Playboy of Miami" so resembles the mark "Stetson Playboy" when applied to the separate goods of the parties as to be likely to cause confusion, mistake or deception as to the source of such goods. 15 USC 1052(d).

The opinion of the Trademark Trial and Appeal Board contains citations to several cases which, we believe, are evidence of an improper analysis of the legal issue before us now. Representative of these cases are: General Shoe Corp. v. Lerner Bros. Mfg. Co., 254 F.2d 154, 45 CCPA 872, (1958), which involved an effort to register HOLIDAY for shirts as against the identical mark HOLIDAY for shoes; and Joseph & Feiss Company v. Joseph Kanner Hat Company, Inc., 136 USPQ 91 (TTAB 1962), which involved an attempt to register HENLEY HOUSE for men's clothing in view of HENLEY CLUB for men's hats, again substantially identical marks in that their dominant portions are the same.

We feel that the case at bar differs from this line of cases in a critical aspect. In the present case, the marks, considered in their entireties are not identical or even substantially identical.

---

1. Reported at 154 USPQ 63 (TTAB 1967). Familiarity with the board's opinion is presumed.

2. Serial No. 154,152, filed September 28, 1962.

The board's treatment of the word "Playboy" as the dominant element of the marks was contrary to the facts established by the testimony and amounted to an improper dissection of the marks. The John B. Stetson Company has a long-standing and well-known name which is readily associated with hats and we have no doubt that the word "Stetson" is the dominant portion of the mark "Stetson Playboy" and that that mark would suggest only Stetson hats. The appellant, on the other hand, has established a widespread use of the mark "Playboy of Miami", in the clothing industry. There is no single, dominant feature of that mark. Comparing the marks as a whole and viewing them in this light, we fail to see sufficient evidence to support the conclusion that there would be a likelihood of confusion. The decision of the Trademark Trial and Appeal Board must therefore be reversed.

Reversed.