**Application of UNITED OIL MANUFACTURING CO.**

**Patent Appeal No. 74–574.**

United States Court of Customs and Patent Appeals.

Jan. 30, 1975.

J. Preston Swecker and Robert S. Swecker, Washington, D. C., attys. of record, for appellant.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents, Jack E. Armore, Associate Sol., Washington, D. C.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

BALDWIN, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board[1] affirming the examiner's refusal to register UNITED,[2] as a trademark for gasoline, on the Principal Register. We reverse.

The examiner refused registration under section 2(d) of the Lanham Act (15 U.S.C. § 1052(d)) on the ground that contemporaneous use of the registered mark UNITED[3] for lubricating oils and greases, and appellant's UNITED mark for gasoline, is likely to cause confusion, mistake, or deception. The reference registration is owned by the United Oil Co. which alleges a first use of the trademark UNITED on April 16, 1908, while appellant alleges first use "during or about" February 1922.

Appellant has made of record in the Patent Office, the following letter:

### UNITED OIL COMPANY
Highest Quality Lubricants
Preble Ave. and North Franklin St.
Pittsburgh, Pa. 15233

UNITED

Telephone 231–1269
(Area Code 412)

September 30, 1971

Mr. Jack Wendell
Executive Vice President
United Refining Company
P. O. Box 780
Warren, Pennsylvania 16365

Dear Mr. Wendell:

We will confirm our telephone conversation on August 30, wherein we advised you that our lubricating oils and greases, sold under the UNITED trademark, according to trademark registration No. 222,559, are not of the character which are sold through gasoline service stations.

Additionally, we have relinquished and do hereby release to United Refining Company and its subsidiary, United Oil Manufacturing Company, any right which we might have under our registered UNITED trademark for the use thereby of the trademark UNITED for gasoline, fuel oil and diesel fuel and we consent to the registration of this trademark UNITED for said goods by the United States Patent Office.

---

1. 180 USPQ 349 (1973).

2. Application serial No. 366,425, filed July 27, 1970.

3. Reg.No. 222,559 issued January 4, 1927, renewed January 4, 1947, to United Oil Company, of Pittsburgh, Pennsylvania.

Our patents and trademarks are handled by Blenko, Leonard & Buell, North American Rockwell Building, Fifth Avenue, Pittsburgh, Pennsylvania 15222.

If further confirmation and information are required, we will be pleased to reply.

Sincerely yours,

UNITED OIL COMPANY

H. KENNETH SIEFERS

H. Kenneth Siefers

Vice President

---

The board conceded that in view of the letter of consent, the goods of appellant and registrant are sold in different trade channels. However, the board, one member dissenting, sustained the examiner's refusal to register appellant's trademark in view of its position that "identification of goods in the cited registration is broad enough to comprehend lubricating oils and greases of any and all descriptions including such oils and greases as are customarily sold through service stations." Thus, the board concluded that "since . . . it is the identification of goods in the application and/or registration which is controlling rather than what the evidence shows the goods to be, registrant's goods must here be considered as encompassing lubricating oils and greases which move through the same trade channels as those of applicant."

In an attempt to counter the position that the terms "lubricating oils and greases" encompass motor oils and similar products sold in service stations, appellant submitted a *Motor Oil Guide,* published by the Lubrication Subcommittee of the American Petroleum Institute and numerous trademark registrations. In so doing, appellant attempted to show that the type of oil sold at automobile service stations is motor oil, not lubricating oil. The board in its opinion on reconsideration reaffirmed its position stating:

As pointed out in the decision in question, the identification of goods in the reference registration is broad enough to comprehend motor oils and greases, and that, in determining the question of likelihood of confusion, it is the identification of goods in a registration or application which is controlling rather than what the evidence shows the goods to be. And, since motor oils and greases and gasoline are more often than not produced by the same oil companies and move through the same trade channels to the same average purchasers, there can be no question but that their sale under the identical mark "UNITED" would be likely to cause confusion or mistake or to deceive.

## OPINION

We recognize that registration has been refused under § 2(d) of trademarks for gasoline based upon confusingly similar registrations for lubricating oils.[4] We further recognize that a mere letter of consent by the registrant of the reference trademark registration has been held insufficient to overcome the prohibition of § 2(d) if applicant's mark so resembles the mark of the reference registration as to be likely, when applied to applicant's goods, to cause confusion, mistake or deception of purchasers.[5] However, in this case, much more is of record than a mere consent to register.

The board has taken the position that the cited UNITED registration describes

---

**4.** In re Tidewater Oil Co., 124 USPQ 516 (TTAB 1960); In re British American Oil Co., 128 USPQ 45 (TTAB 1960).

**5.** In re Tidewater Oil Co., supra, at 517; In re Driehuizen Bros., 127 USPQ 341 (TTAB 1960).

the goods it encompasses so broadly[6] that oils and greases normally sold at service stations would be included. Thus, a consumer may be faced with a situation where a single service station is selling gasoline under appellant's UNITED mark and oils and greases under registrant's UNITED mark. In this regard, the letter of consent cannot be ignored. This letter clearly expresses the view that the lubricating oils and greases, sold under the UNITED trademark, are not of the character which are sold through gasoline service stations. Further, the cited letter clearly relinquishes any right which the registrant may have under its UNITED trademark, for its use on gasoline, fuel oil and diesel fuel. As stated in In re E. I. du Pont de Nemours & Co., 476 F.2d 1357, 1363 (Cust. & Pat.App. 1973):

> Thus when those most familiar with use in the marketplace and most interested in precluding confusion enter agreements designed to avoid it, the scales of evidence are clearly tilted. It is at least difficult to maintain a subjective view that confusion will occur when those directly concerned say it won't. A mere *assumption* that confusion is likely will rarely prevail against uncontroverted evidence from those on the firing line that it is not.

The instant letter of consent is not a "naked" consent as alleged by the Patent Office. The registrant has affirmed appellant's position that lubricating oils and greases sold under the UNITED registration are not those of the character which are sold through gasoline service stations. This, coupled with registrant's consent to register represents a position which could only be taken if the registrant firmly believed that there exists no likelihood of confusion.

The board cited a number of prior decisions[7] of this court in support of the proposition that it is the identification of goods in the application or registration which is controlling on the issue of likelihood of confusion, rather than what the evidence shows the goods to be. We do not find the cited decisions to be relevant to the instant situation. The secondary evidence submitted by appellant merely defines what is encompassed by the terms "lubricating oils and greases", and does not attempt to alter or limit identification of the goods in the reference registration. It has been the consistent position of appellant that motor oils, sold through service stations, are separate and distinct from lubricating oils and greases which are used for industrial purposes. The evidence submitted by appellant, consisting of a *Motor Oil Guide* by the Lubrication Subcommittee of the American Petroleum Institute and numerous trademark registrations, does not attempt to re-define the goods of the reference registration, but merely establishes what is meant by a description of the goods found in the registration to those most familar with them. The letter of consent merely reaffirms appellant's position. Thus the secondary evidence, when taken as a whole, establishes that the nature of the goods and mode of distribution are such as to render confusion unlikely. See In re Superior Outdoor Display, Inc., 478 F.2d 1388 (Cust. & Pat.App.1973).

We thus hold that there exists such a marketplace disparity between appellant's gasoline and registrant's lubricating oils and greases as to render confusion, mistake or deception unlikely. The board's decision is, therefore, reversed.

Reversed.

---

**6.** As fully described in its registration the goods are lubricating oils and greases made from crude petroleum and lubricating oils and greases manufactured from crude petroleum products and other mineral, vegetable and animal products.

**7.** In re Keller, Heumann & Thompson Co., 81 F.2d 399, 23 CCPA 837 (1936); Kalart Co. v. Camera-Mart, Inc., 258 F.2d 956, 46 CCPA 711 (1958); Hunt Foods & Industries, Inc. v. Gerson Stewart Corp., 367 F.2d 431, 54 CCPA 751 (1966); J. C. Hall Co. v. Hallmark Cards, Inc., 340 F.2d 960, 52 CCPA 981 (1965); General Shoe Corp. v. Lerner Bros. Mfg. Co., 254 F.2d 154, 45 CCPA 872 (1958); In re Superior Outdoor Display, Inc., 478 F.2d 1388 (Cust. & Pat.App.1973).